**Steven Desire KEESWYK, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 07–1261–ag.

United States Court of Appeals, Second Circuit.

March 25, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Steven Desire Keeswyk, a native and citizen of Suriname, seeks review of a February 27, 2007 order of the BIA denying his motion to reopen deportation proceedings. *In re Steven Desire Keeswyk,* No. A29 051 250 (B.I.A. Feb. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ We conclude that the BIA did not exceed its allowable discretion in denying Keeswyk's motion to reopen. Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must generally do so within 90 days of the entry of the final decision in the underlying proceeding. Here, there is no dispute that Keeswyk's January 2007 motion was untimely because the BIA issued its decision dismissing his appeal in March 2002. Keeswyk argues that the BIA abused its discretion in denying his motion because it failed to consider his eligibility for adjustment of status based on his marriage to a United States citizen. This argument, however, is unavailing, as Keeswyk's potential eligibility for adjustment of status does not constitute an exception to the filing deadline for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3). Accordingly, the BIA did not exceed its allowable discretion in denying his motion to reopen. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005).[2]

■ Keeswyk also challenges generally the constitutionality of the statutory scheme governing motions to reopen, alleging that it operates to deprive him of the procedural due process guaranteed by the Fifth Amendment. Specifically, he argues that he is "entitled to at least have a hearing" to adjudicate his application for adjustment of status under 8 U.S.C. § 1255. Keeswyk's argument is unavailing, as he was in fact not eligible for adjustment of status at the time the BIA denied his motion to reopen due to his failure to voluntarily depart within the time frame proscribed by the BIA in its initial March 25, 2002 decision.[3] Accord-

---

**2.** We note that BIA regulations provide that if the petitioner and the government jointly file a motion to reopen, the time and numerical limitations on motions to reopen do not apply. 8 C.F.R. § 1003.2(c)(3)(iii). Accordingly, given Keeswyk's marriage to a United States citizen, the government may wish to join Keeswyk in a motion to reopen.

**3.** The statute regarding voluntary departure currently in effect states, in relevant part, that, "if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien … shall be ineligible, for a period of 10 years, to receive any further relief under … sections 1229b, 1255, 1258, and 1259 of this title." 8 U.S.C. § 1229c(d)(1). The statute in effect at the

ingly, Keeswyk cannot demonstrate an interest in adjudication of his adjustment of status application sufficient to make out a due process claim. *See Morgan v. Gonzales*, 445 F.3d 549, 551–53 (2d Cir.2006) (stating that petitioner's due process argument failed because he could not show "that he was deprived of that to which he was entitled—namely, a fair opportunity to present whatever viable claims he could bring at the time his case was adjudicated").[4]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

time of the commencement of Keeswyk's removal proceedings provided, in relevant part: "any alien allowed to depart voluntarily ... who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, shall not be eligible for [adjustment or change of status under section 1255, 1258, or 1259 of this title] for a period of 5 years after the scheduled date of departure." 8 U.S.C. §§ 1252b(e)(2)(A), (e)(5)(D) (repealed 1996). We need not decide which statute governs Keeswyk's proceedings because under either statute he was ineligible for § 1255 adjustment of status at the time the BIA issued its February 27, 2007 decision.

4. It is of no moment that the prior statute governing the consequences of failing to voluntarily depart contains an "exceptional circumstances" exception. 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996). Any argument that Keeswyk merits relief under this exception is purely "speculative." *See Morgan*, 445 F.3d at 552. Moreover, Keeswyk's underlying visa petition has not been approved. Adjudication of his adjustment of status application thus does not rise to the level necessary to make out a due process claim. *Id.*

